IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Case No.: 0:14-cv-62547-JIC

JOSHUA SEIDMAN, as an individual, and on
behalf of all others similarly situated,

    *Plaintiff,*

*vs.*

SNACK FACTORY, LLC, a New Jersey
limited liability company,

    *Defendant.*

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Joshua Seidman, individually, and on behalf of all others similarly situated, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files his Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Class Action Complaint ("Defendant's Motion") [DE 21], and states as follows:

### I.    INTRODUCTION

This case is not unique. Many actions have been brought *and maintained* against food manufacturers for the same factually untrue and misleading statements on their food labels that Defendant, SNACK FACTORY, LLC ("Defendant") has made, and is continuing to make on its Products at issue in this case. Each of the arguments raised by Defendant has been consistently rejected by courts around the country, and in particular, this Court. At the heart of Defendant's Motion is its belief that it should not be held accountable for its unlawfully misbranded food products. Defendant's Motion is simply an attempt to thwart Plaintiff of due process.

Plaintiff has properly pleaded his applicable causes of action and damages theories, consistent with the respective positions that a wealth of other class Plaintiffs in this jurisdiction who have survived a Motion to Dismiss. Overwhelmingly, this Court has adopted Plaintiff's well-pleaded allegations and have refused to dismiss similar consumer claims based on what are, at best, premature arguments against class certification and Plaintiff's ultimate relief. Indeed,

Plaintiff's thirty-two page, one hundred and thirty-eight paragraph Complaint, contains numerous factual and legal allegations that support Plaintiff's claims and adequately put Defendant on notice of the allegations against it.

At the heart of this case is a false, deceptive, misleading and otherwise unlawful statement about the nature of Defendant's products – Defendant's statement that the Products are "All Natural." It is disingenuous for Defendant to take the position that the "All Natural" statement has no value, and that as result, Plaintiff and class has not suffered damages. Quite simply, if the "All Natural" statement did not have a value, it would not be on the label. Likewise, Defendant's position on injunctive relief is illogical and makes no sense. Injunctive relief would never be available under Defendant's theory because it is impossible for a person to ever seek an injunction without first having knowledge of the improper conduct. Defendant's arguments against Declaratory Relief and under the Mangnasum-Moss Warranty Act wholly miss the mark and are nothing more than a "ail Mary" attempt at dismissal. Defendant's argument against a national class is premature but nevertheless unavailing.

Defendant's quarrels with the manner in which price premium, injunctive relief, declaratory relief, scope of class and other allegations are pleaded, is merely an attempt to distance itself from what this case is really about — the fact that Defendant made money selling an unlawful product by misleading the consuming public. Defendant's arguments fail for myriad reasons, including legal, procedural, public policy, and common sense. The factual disputes and Plaintiff's ultimate success in proving his allegations are well-beyond resolution at this juncture. The Complaint was properly pleaded and Defendant's Motion should be denied in its entirety. This Court has refused to dismiss the exact same or substantially similar allegations time and again.

## II. FACTUAL AND PROCEDURAL BACKGROUND

"All Natural." This promise was prominently and uniformly displayed on the front packaging of each of Defendant's Products. Compl. ¶¶ 1, 3, 4, 21, 23, 24, 70. In making his purchasing decision, Plaintiff perceived, read, and relied on this promise. Compl. ¶¶ 67, 68, 112. However, the Products are highly processed and <u>do</u> contain synthetic, artificial and/or genetically modified ingredients and are not <u>all</u> natural. Compl. ¶¶ 1, 7, 26, 27. The Products that Defendant falsely represented, which Plaintiff purchased are its Snack Factory Pretzel crisps which Plaintiff purchased of which Plaintiff purchased following two (2) flavor varieties: (i) Sea Salt and Cracked Pepper; and (ii)

2

Garlic and Parmesan.[1] Compl. ¶ 1. The Sea Salt and Cracked Pepper flavor contains maltodextrin, soybean oil, dextrose and caramel color. Compl. ¶ 1(1)(i). The Garlic and Parmesean flavor contains maltodextrin and soybean oil. Compl. ¶(1)(2)(i). The above ingredients are not "All Natural" because they are highly processed and contain unnatural, artificial, synthetic and/or genetically modified. Compl. ¶¶ 26 – 36. Plaintiff and the proposed Class, all reasonable consumers, do not expect a Product that claims to be "All Natural" to contain non-natural, highly processed and/or genetically modified ingredients. Compl. ¶ 73.

Plaintiff relied on Defendant's false "All Natural" claims when he purchased the Products. Compl. ¶¶ 67, 68, 112. Plaintiff and other Class members where economically injured by Defendant's false, misleading, and deceptive representations and omissions. Compl. ¶¶ 62, 74. Indeed, Plaintiff and the other Class members purchased, purchased more of, or paid more for the Products than they would have had they known the truth about the Products' unnaturalness. Compl. ¶ 65. The Products are misbranded and valueless — there is no market value for an unlawful product, therefore Plaintiff and other Class members are seeking damages equal to the aggregate purchase price paid for the Products during the Class period, as well as declaratory and injunctive relief. Compl. ¶¶ 75 – 76, 115, 120, 137. At a minimum, the products are worth less than what Plaintiff and the Class paid for them, and Plaintiff and the Class is entitled to damages

---

[1] The issue of whether or not Plaintiff can serve as a class representative for all flavor varieties of the Product or only the two flavors he purchased, is inappropriate for resolution at this stage of the proceeding. Nonetheless, the Products are substantial similar. "[B]ecause the plaintiff has Article III standing, at this stage, he may press claims, on behalf of putative class members, arising out of products that the plaintiffs did not themselves purchase. Whether the plaintiffs' injuries are sufficiently similar to those of the putative class members who purchased other products — and whether plaintiffs will therefore adequately represent the interests of the class — is a question the Court will consider on a Rule 23 certification motion." *In re: Frito-Lay North America, Inc. All Natural Litigation*, 2013 U.S. Dist. LEXIS 123824, *34. (E.D. NY Aug. 29, 2013); *See also Anderson v. Jamba Juice Co.*, 888 F.Supp.2d 1000, 1002 (N.D. Cal. Aug. 25, 2012) ("The 'critical inquiry [in these cases] seems to be whether there is sufficient similarity between the products purchased and not purchased.'"); *See also Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724, 2013 WL 5487236, *14 (N.D. Cal. Oct. 2, 2013) (The "substantially similar approach therefore accommodates the commonsense conclusion that where, as here, a plaintiff claims that [they were] misled by the improper use of the term 'All Natural' on a [product], the injury [they] suffer as a result of that misrepresentation is not meaningfully distinguishable from the injury suffered by an individual who is misled by the use of the term 'All Natural' on [a different flavor of the same product]").

in the amount of the difference between the premium price charged for the Products and the true market value of the Products without the false "All Natural" representations. Compl. ¶¶ 75, 77, 115, 120. Defendant charged a price premium for the Products over and above other comparable Products that do not claim to be "All Natural." Compl. ¶ 25. Indeed, Plaintiff and other members of the Class paid a "price premium" for the Products over other similar products that do not claim to be "All Natural" and/or over and above what they would have paid if the Products had been adequately advertised, and are entitled to restitution of the excess amount paid. Compl. ¶ 77, 138.

Accordingly, Plaintiff brought this putative class action against Defendant seeking, among other things, damages on behalf of himself and the putative Class, declaratory relief, and injunctive relief in the form of an Order compelling Defendant to cease from advertising its Products as "All Natural" on the packaging of the Products that contain unnatural, synthetic, and/or artificial ingredients. Compl. ¶ 10. Defendant has moved to dismiss all claims against it. Defendant is also seeking (albeit improperly) a thirty (30) minute hearing on its Motion to Dismiss. *Defendant's Motion* at *22. Interestingly, in doing so, Defendant explicitly acknowledges the prevalence ("Hundreds . . . "have been filed or are pending") of "All Natural" class actions resulting from payment of a "premium price" for mislabeled food products, which not only evidences the societal concern over false food labeling and the importance of these cases, but also demonstrates that despite Defendant's "playbook" defense strategy, Courts have consistently refused to dismiss these cases all around the Country. *Defendant's Motion* at *22. Defendant's Motion, although plentifully cited, mostly with non-binding and inapplicable decisions from other jurisdictions, is ultimately unavailing and should be denied in its entirety.

### LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations of material fact are taken as true." *Romano v. Motorola, Inc.*, 2007 US Dist. LEXIS 86472, *2 (S.D. Fla. 2007) (citing *McReynolds v. Alabama Dept. of Youth Services,* 204 Fed. Appx. 819, 821 (11th Cir. 2006)).

4

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Thus, "[a] motion to dismiss should be granted only if 'it appears beyond doubt that the plaintiffs can prove no set of facts in support of their allegations which would entitle them to relief.'" *Id.* (quoting *Roberts v. Florida Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir. 1998), cert. den., 525 U.S. 1139 (1999)). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Del Monte Fresh Produce Co.* v. *Dole Food Co., Inc.,* 136 F.Supp.2d 1271, 1283 (S.D. Fla. 2001).

Applying these standards, it is clear that Defendant's Motion to Dismiss should be denied in its entirety.

### III.   LEGAL ARGUMENT

A. <u>Plaintiff has Sufficiently Pleaded a Loss as a Result of Defendant's Deceptively Labeled "All Natural" Products.</u>

Defendant essentially argues that a Plaintiff cannot plead a cause of action for a food manufacturer's false and deceptive statements unless he first does a full-blown price premium analysis and calculates the precise premium resulting from Defendant's unlawfully misbranded product. Ignoring the impracticability of this possible standard Defendant seeks to impose given the procedural posture of the case, such a strict pleading requirement is not contemplated by the Federal Rules of Civil Procedure, and would result in a complete shutdown of the jurisprudence system. Plaintiff has properly pleaded his causes of action and has alleged, amongst other allegations, that Plaintiff and other members of the Class purchased the Products and paid a sum of money above and beyond the true value of the Products as a result of Defendant's false and/or deceptive representations that the Products were "All Natural," despite the presence of unnatural, synthetic, artificial, highly processed and/or genetically modified ingredients. *See Factual and Procedural Background, supra.*

Amongst other legal theories, Plaintiff has brought a cause of action pursuant to Florida's Deceptive and Unfair Trade Practices, Act, Fla. Stat. §§501.201, *et. seq.* ("FDUTPA"). As a general rule, the measure of actual damages under FDUPTA is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Rollins,*

*Inc. v. Heller*, 454 So.2d 580. This difference in market value and amount paid is known as "price premium." *See e.g. Collins v. DaimierChrysler Corp.* 894 So.2d 988 (Fla. 5th DCA 2004).

Fed. R. Civ. P. 8(a)(2) "requires only a short and pain statement of the claim showing that the pleader is entitled to relief," in order to give a defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint which sets out a claim for relief is sufficient as long as any set of facts, consistent with the allegations, could entitle a plaintiff to relief. *Nance v. Vieregge*, 147 F.3d. 589 (7th Cir. 1998), *cert. den.* 525 U.S. 973 (1998). An allegation that Plaintiff paid a price premium for the Products due to the "All Natural" label is all that is required to be plead price premium theory under the Federal Rules of Civil Procedure. *Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, 2015 U.S. Dist. LEXIS 6054, Order on Mot. To Dismiss [Dkt. No. 55] at *14 (S.D. Fla. Jan. 20, 2015)("The Court finds Plaintiff has alleged a plausible theory of damages, in that she alleged that she paid a price premium for the Products due to the "All Natural" labeling. That is all that is required to be plead under the Federal Rules of Civil Procedure. At this stage in the litigation, Plaintiff is only required to state a claim that is plausible on its face, and this she has done) *citing Cf. Stires v. Carnival Corp.*, No. 6:02-CV-542-ORL31JGG, 2003 WL 21356781, at *2 (M.D. Fla. Jan 2, 2003).

Here, Defendant concedes, but incorrectly states that "all Plaintiff alleges . . . is that he purchased the Products at a premium price, over other similar products that do not claim to be "All Natural," citing to just one of Plaintiff's price premium allegations. *See Defendant's Motion* at * 7. While the foregoing allegation would nonetheless be sufficient to plead price premium, Plaintiff also alleged the following:

   (a) Defendant charged a premium. Compl. ¶ 25.
   (b) Plaintiff and the other Class members did not obtain the full value of the advertised Products . . . and purchased, purchased more of, or paid more for, the Products than they would have done, had they known the truth about the Products' unnaturalness. Compl. ¶ 65.
   (c) The Products are . . . worth less than what Plaintiff and members of the class paid for them. Compl. ¶ 75.
   (d) As a direct and proximate result of [Defendant's] misrepresentations, Plaintiff and members of the Class . . . have been deprived of the benefit of their bargain in that they bought Products that were not what they were represented to be, and they have

6

spent money on Products that had less value than was reflected in the premium purchase price they paid for the Products. Compl. ¶ 115.

Accordingly, Plaintiff has pleaded the essential elements of his claim, has put the Defendant on notice of his claim, and has more than complied with the liberal pleading requirements of Fed. R. Civ. P. 8.

In support of its proposed impracticable pleading standard, Defendant relies on two district court opinions from New Jersey pertaining to a New Jersey consumer protection statute, not FDUTPA. That statute requires, among other elements, "ascertainable loss" which apparently at least one District Court in New Jersey, interprets to "require the consumer to quantify the difference in value between the promised product and the actual product received" In the Complaint *See Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529 (D.N.J. 2011) *citing Smajlaj v. Campbell Soup Co.,* 782 F. Supp. 2d 84, 2011 (D.N.J. 2011). New Jersey's "ascertainable loss" pleading standard is not required by FDUTPA and is not the law in Florida. Indeed, a claim that a consumer paid a price premium for the Products due to the "All Natural" labeling is all that is required under FDUTPA and otherwise under Florida law. *Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, 2015 U.S. Dist. LEXIS 6054, Order on Mot. To Dismiss [Dkt. No. 55] at *14 (S.D. Fla. Jan. 20, 2015); *Cf. Stires v. Carnival Corp.*, No. 6:02-CV-542-ORL31JGG, 2003 WL 21356781, at *2 (M.D. Fla. Jan 2, 2003). In short, under FDUTPA and other applicable law, there is no requirement that Plaintiff identify Defendant's competitors and/or identify each of the various prices that are charged for Defendant's products and its competitor's products in retail outlets across the country in the Complaint.

This Court has repeatedly upheld the same or substantially similar price premium allegations under FDUTPA. *See e.g. Smith v. WM. Wrigley* Jr., Co., 663 F. Supp. 2d 1336 (S.D. Fla. 2009) ("The Complaint further alleges that 'as a result of the misleading messages . . ., Wrigley has been able to charge a price premium for Eclipse ® gum.' Accepting these allegations as true, the Court finds that Plaintiff alleges that she 'has suffered a loss' which was proximately caused by Defendant's deceptive, misleading and unfair trade practices.") *citing Collins v. DaimlerChrysler Corp.*, 894 So. 2d 988, 990 (Fla. 5th DCA 2004). Like the Plaintiff in *Wrigley*, Plaintiff has properly alleged that he suffered a loss consisting of at least the difference in the price charged and paid and the true value of the Products without the statement. Consistent with the

7

purpose of Fed. R. Civ. P. 8, Defendant is on notice of "what the . . . claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Defendant similarly attempts to raise Plaintiff's pleading burden even further and essentially argues that Plaintiff must plead a full blown pricing analysis and product comparison, presumably with the help of an expert and without the assistance of any discovery, in order to survive a motion to dismiss. Such a strict and unattainable burden is not supported by the Federal Rules of Civil Procedure or otherwise. Defendant's argument is patently nonsensical. If Defendant truly believed that there was *no* value to the "All Natural" statement then it would not be on the packaging. Casting Plaintiff's allegations as merely "conceivable" rather than plausible is short-sighted at best. Regardless, Plaintiff pleaded the existence of the premium as a result of Defendant's false and/or misleading statement. That is all that is required. The extent of the premium is within the province of a jury and will be established throughout the course of discovery.  at a later stage of the proceeding.

Defendant relies on a non-binding opinion from the Eastern District of Missouri involving dog food, *Miller v. Nestle Purina Petcare Co.* 2014 WL 317271 (E.D. Mo. Jan 28, 2014). Not only did *Miller* involve a completely different statute in a completely different jurisdiction, the case is notanalogous to the instant action. In *Miller*, the plaintiff alleged that a dog became sick with bladder stones while it was eating Defendant's dog food and then later became better when he switched foods, therefore the illness must have been caused by Defendant's dog food. Unlike the dog in *Miller*, there is no speculation about the cause of Plaintiff's injury here. Medical causation is not element of Plaintiff's claims. Plaintiff alleges unequivocally that he and the proposed Class were economically injured when they purchased Defendant's Products that claimed to be "All Natural," but in reality contained unnatural, artificial, synthetic, highly processed and/or genetically modified ingredients. Plaintiff alleges that as a result of Defendant's statements, he and members of the proposed Class "purchased, purchased more of, or paid more for, the Products than they would have done, had they known the truth about the Products' unnaturalness." Compl. ¶ 65. It is disingenuous for Defendant to argue that Plaintiff's allegations are not "plausible."

In addition to challenging price premium, Defendant attempts, via a footnote and without citing a single Florida case, to dismiss Plaintiff's primary damages model, the full refund theory. Indeed, Plaintiff primarily contends the Product is rendered valueless due to its failure to disclose its true nature, its unlawful misbranding, and because it is sold pursuant to an unfair trade practice.

Compl. ¶¶ 75 – 76, 115, 120, 137. Because there is no market value for an unlawful product, the damages in this case are equal to the aggregate full purchase price for the Product paid by Plaintiffs and members of the Class during the Class Period. *Id.*; *See Siever v. BWGaskets, Inc.*, 669 F.Supp. 2d 1286, 1294 (M.D. Fla. Oct. 25, 2009); *See also Garcia*, 2014 WL 439216, *19-20 (holding that the plaintiffs state a claim for FDUTPA and negligent misrepresentation, including expressly finding the plaintiffs properly alleged damages for both causes of action regarding an allegedly deceptive "All Natural" food product); *See also Foster v. Chattem, Inc.* No.: 6:14-cv-00346-RBD-GJK, * 3-4, Order on Motion to Dismiss (M.D. Fla. July 24, 2014) [DE 45] (stating "Defendant similarly contends that the Complaint does not plausibly state a claim for damages. This contention is unavailing. Plaintiff alleges that the product was alternatively: (1) rendered valueless due to misbranding; or (2) worth less than what she paid due a premium charge for the misbranded features.). *See also Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, 2015 LEXIS 6054, 2015 U.S. Dist. LEXIS 6054, Order on Mot. To Dismiss [Dkt. No. 55] at *14 (S.D. Fla. Jan. 20, 2015) (stating "The Court finds, ultimately that Plaintiff has met her burden at this stage of the litigation. *Rollins* allows for an exception to the general rule when the product at issue has been rendered valueless as a result of the defect. (internal citation omitted). . . Whether the Products are valueless due solely to the misbranding, or because they were 'sold pursuant to an unfair business practice, and there is no market value for an unlawful product,' (internal citations omitted) Plaintiff has articulated 'enough facts to state a claim to relief that is plausible on its) *citing Twombly,* 550 U.S. at 570).

Defendant's failure to disclose a characteristic of the Product reduced the Product's overall value, which is an unfair trade practice. *See Rosen v. J.M. Auto Inc., et al.*, Case No.: 07-61234-CIV-DIMITROULEAS, 270 F.R.D 675, 688, (S.D. Fla. 2009) (stating "[t]he alleged . . . unfair trade practice is the failure to disclose a defect; Defendants deny that there is any defect and do not argue that they ever made any disclosure of one."). An omission may be considered an "unfair" practice if it fails to disclose. *See* Federbush, 78 FLA. B.J. 20 (citing *International Harvester*, 104 F.T.C 949 (1984), available at http://www.floridabar.org/DIVCOM/JN/ JNJournal01.nsf/c0d731e03de9828d852574580042ae7a/f93c1e0860313d2285256e7f005e7360! OpenDocument&Highlight=0,fdutpa*; *see also Rosen*, 270 F.R.D at 688.

Accordingly, if a jury determines that Defendant's practice was "unfair," then recovery of the full purchase price may also be proper. *See* Federbush, David, *Damages Under FDUTPA*, 78

9

FLA. B.J. 20, (May 2004) (*citing Smith v. 2001 South Dixie Highway, Inc*., 2004 Fla. App. LEXIS 2709 (Fla. 4th DCA March 3, 2004)). Because Defendant's conduct was "unfair," damages are warranted in the form of the aggregate full retail price paid by Plaintiffs and the Class for the Product—even though alternatively—the Products may not have been rendered completely valueless to all consumers. *See* Federbush, 78 FLA. B.J. 20 (*citing Smith*, 2004 Fla. App. LEXIS 2709); *See also Spinelli v. Capital One Bank*, 265 F.R.D. 598, 604 (M.D. Fla. 2010) (stating that the issue of whether the product was rendered worthless predominates over individual inquires).

B. Plaintiff has Article III Standing Under FDUTPA.

Defendant argues that because Plaintiff alleges (in part) that he would not have not have purchased the Products had he known that they were not "All Natural," Plaintiff lacks standing to seek injunctive relief against Defendant. Defendant's Motion at *10. This position is inconsistent with FDUTPA and has been raised and rejected by Courts all over the country, including the Southern District of Florida. Injunctions would almost never be cognizable if Defendant's standard were adopted.

For example, in *Henderson v. Gruma Corp.*, No. CV10-04173 AHM (AJWx), 2011 WL 1362188, * 7 (C.D. Cal. April 11, 2011), the defendant claimed that the plaintiffs did not have standing to seek injunctive relief in connection with a false "All Natural" claim on one of the defendant's products. In denying the defendant relief, the court reasoned that if Article III standing were construed "as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California's consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ('once bitten, twice shy') and would never have Article III standing." *Id*.

Likewise, in *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. Nov. 27, 2012), the court refused to dismiss a claim for injunctive relief, noting the plaintiffs learning of the defendant's false advertising does not make the statements any more truthful. *Id.* at 533. The court continued, "[s]hould plaintiffs encounter the denomination 'All Natural' on an Arizona beverage at the grocery store today, they could not rely on that representation with any confidence" and, moreover, if the court were "to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic standard." *Id.*

Similarly, in *Davis v. Powertel, Inc.* 776 So. 2d 971 (Fla. 1st DCA 2000), the plaintiffs

10

brought a claim for declaratory and injunctive relief under FDUTPA. Like Defendant, , the defendant in *Davis*, argued that injunctive relief was not available because there was no continuing harm to the named plaintiffs. *Id*. at 975. In rejecting the argument, the court appropriately recognized that "this argument appears to be at odds with the applicable remedy provision in the Deceptive and Unfair Trade Practices Act, as well as the general purpose of the Act." *Id*. The court explained that the text of FDUPTA "is clear on its face" and "[n]othing in the statute requires proof that the declaratory or injunctive relief would benefit the consumer filing the suit." *Id.* As the court held, FDUTPA "merely requires an allegation that the consumer is in a position to complain (that he or she is aggrieved by the alleged violation) and that the violation has occurred, is now occurring, or is likely to occur in the future." *Id*. "This reading of section 501.211(1) is consistent with the overall purpose of the Deceptive and Unfair Trade Practices Act. The Act is designed to protect not only the rights of litigants, but also the rights of the consuming public at large." *Id*.

Indeed, FDUTPA "is broadly worded to authorize declaratory and injunctive relief even if those remedies might not benefit the individual consumers who filed the suit." *Dye v. Bodcious Food Co.,* Case No. 14-80627-CIV, 2014 U.S. Dist. LEXIS 180826, Order Denying Def. Mot. To Dismiss [Dkt. No. 14] at *6 -7 (S.D. Fla. Sep. 9, 2014) *citing Galsi v. Sunvest Comtys, USA, LLC*, 637 F. Sup. 2d 1045, 1057 (S.D. Fla. 2009). "Accordingly, '[a]ny person aggrieved by a violation of the FDUTPA may seek declaratory and or injunctive relief under the statute. There is no requirement that plaintiff show an ongoing practice or irreparable harm, and declaratory relief is available regardless of whether an adequate remedy at law also exists. *Id.; see also Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1366 (S.D. Fla. 2010) ("Fla. Stat. § 501.211(1) permits a claim for injunctive relief by 'anyone aggrieved' by an unfair or deceptive act.").

In addition, there is nothing stopping Defendant from voluntarily removing its "All Natural" label and/or taking other action such as claiming its Products are "now made with new ingredients" or other similar statements coupled with its "All Natural" statement. In such an event, Plaintiff and other Class members could be duped again absent an injunction. As this Court noted in *Smith*, "it is clear that [FDUTPA] made declaratory and injunctive relief available to a broader class of plaintiffs than could recover damages." *Smith*, 663 F.Supp.2d at 1338 *citing Gritzke v. M.R.A. Holding, LLC*, No. 01-cv-495-RH, 2002 U.S. Dist., LEXIS 28085, 2002 WL 32107540, *3 (N.D. Fla. Mar. 15, 2002).

    C. <u>Plaintiff has Stated a Claim for Declaratory Relief</u>

Defendant next argues that Plaintiff's "claim for declaratory relief should be dismissed because it seeks the exact same relief set forth in Plaintiff's substantive FDUTPA claim, and is thus inconsistent with the purpose of declaratory relief." Defendant's Motion at * 11. However, to the contrary, Plaintiff's allegations are wholly consistent with FDUTPA and properly pleaded. FDUTPA specifically authorizes declaratory relief and actual damages, stating in pertinent part:

> (1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.
>
> (2) In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

Fla. Stat. § 501.211. "A plaintiff that is able to allege that he or she 'has suffered a loss' will qualify for relief under both standards." *Smith*, 663 F. Supp at 1338. The injunctive power authorized by the controlling consumer protection statute includes both prohibitory relief (ordering Defendant to stop engaging in deceptive and unfair advertising) and mandatory injunctive relief (requiring Defendant to engage in a corrective advertising campaign). *See, e.g., Global Tel\*Link Corp. v. Scott*, 652 F.Supp.2d 1240 (Fla. Dist. Ct. 2009); *Corn Const., Inc. v. Broward County Bldg. and Const. Trades Council*, 268 So.2d 438 (Fla. App. 1972).

    FDUTPA specifically authorizes both declaratory relief and actual damages. And while it is true that a person who suffers a loss may qualify for relief under both, it is important to note that while the declaratory portion of the statute simply requires evidence that (1) Plaintiff was aggrieved by a deceptive act or unfair practice; in order to recover actual damages, a party must also show (2) causation and (3) actual damages. *See Smith 663 F. Supp. at 1338* (stating "to state a claim for equitable relief under FDUTPA, Plaintiff must allege, at a minimum, that she has been aggrieved;" (internal citations omitted) also stating "A claim for damages under FDUTPA requires the Plaintiff to allege the following three elements: a deceptive act or unfair practice; (2) causation; and (3) actual damages" (internal citations omitted)). FDUPTA "made declaratory and injunctive relief available to a broader class of plaintiffs than could recover damages." *Id. citing Gritzke v.*

12

*M.R.A. Holding, LLC,* No. 01-cv-495-RH, 2002 U.S. Dist. LEXIS 28085, 2002 WL 32107540, *3 (N.D. Fla. Mar. 15, 2002).

Defendant's argument misses the mark insofar as in the event Plaintiff cannot prove a deceptive or unfair practice, then Plaintiff's claim fails equitably and legally. However, Plaintiff could conceivably prove entitlement to equitable relief but fail to prove cause and actual damages and therefore not be entitled to legal relief. Moreover, contrary to Defendant's suggestion, Plaintiff has not pleaded as a separate claim for declaratory relief.  In that regard, Plaintiff's claims, although consistent, are wholly distinct, independent, not redundant and very much consistent with the purposes of declaratory relief and FDUTPA.

>    D.   Plaintiff has Stated a Claim Under the MMWA

Defendant argues that Plaintiff has failed to state a claim under the Magnuson-Moss Warrant Act ("MMWA") due tolack of direct contractual privity ,because the "All Natural" label apparently does not constitute a "written warranty," and becuase the Products are in fact "all natural." Defendant's Motion at *12. Despite its best efforts in citing non-binding cases, mostly in California, Court's throughout Florida have repeatedly refused to adopt Defendant's position.

The MMWA creates a private right of action under federal law for state law warranty claims. *See* 15 U.S.C. § 2310 (d)(1); *See also Monticello v. Winnebago Indus. Inc.*, 369 F.Supp.2d 1350, 1356 (N.D. Ga. 2005). "[E]xcept in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law." *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir.1986). "The Act supplements, rather than supplants state law." *Monticello*, 369 F. Supp. 2d at 1356.  Defendant attempts to circumvent the futility of its argument regarding privity by citing to a case that discussed an <u>implied</u> warranty claim. Notwithstanding, by virtue of stating a cause of action for breach of <u>express</u> warranty under state law, discussed below, Plaintiff has stated a claim for violation of the MMWA.

"To state a claim for breach of express warranty under Florida law, 'a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty.'" *Egbebike v. Wal-Mart Stores East, LP*, 2014 WL 3053184, at *5 (M.D. Fla. July 7, 2014) (quoting *Jovine v. Abbott Labs., Inc*., 795 F. Supp. 2d 1331, 1340-41 (S.D. Fla. 2011)).  Under Fla. Stat. § 672.313(1)(b), moreover, "[a]ny description of the goods which is made

13

part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

Plaintiff alleges that Defendant sold the Products with a description of being "All Natural" despite the fact that the Products were not "All Natural" and were made with unnatural, artificial, synthetic, highly processed and/or genetically modified ingredients. *See* Compl. ¶¶ 1, 4, 7, 8, 20, 21, 24, 26, 27, 49, 52, 98, 101. Additionally, Plaintiff alleges that he relied on Defendant's "All Natural" representation when purchasing the Products and, consequently, suffered economic damages. *See* Compl. ¶¶ 17, 54, 58, 62, 65, 70, 71, 74, 75, 76, 77, 115, 120. Finally, Plaintiff alleges that he provided Defendant notice of the breach of express warranty. Compl. ¶ 121. The allegations, therefore, establish each of the requisite elements for a claim of breach of express warranty.

Additionally, the creation of an express warranty is derived from the seller's representations in advertisements, catalogues, circulars, and the like, all of which, under the circumstances, can give rise to express warranties for the breach of which the seller will be liable in damages to those who purchased the seller's products in reliance on the aforesaid representations. *Manheim v. Ford Motor Co.*, 201 So. 2d 440 (Fla. 1967).

In *Smith*, in upholding the plaintiff's breach of warranty claim, this Court took into account that the warranty was located on the packaging of the product and that the Plaintiff purchased the product from a "cashier at a local convenience store," who was surely not "familiar with the scientific properties of [the product]." *Smith*, 663 F. Supp. at 1343. Like the consumer in *Smith*, Plaintiff purchased the Product from a grocery store, and the warranty is connected with the label and performance of Defendant's Product itself. Therefore, like the consumer in *Smith*, the Plaintiff does not need to be in direct privity with Defendant because the Product at issue is "foodstuff." *See id.*; *see also Hoskins v. Jackson Grain Co.,* 63 So. 2d 514 (Fla. 1953); *see also Carter v. Hector Supply Co.*, 128 So. 2d 390, 392 (Fla. 1961) (foodstuffs are a "well-recognized exception to the privity requirement").

Moreover, even if privity were required, the requirement is met where, as here, a manufacturer makes direct representations to the purchaser. *Smith*, 663 F. Supp. 2d at 1342; *see also Point Blank Solutions, Inc. v. Toyobo Am., Inc*., 2010 U.S. Dist. LEXIS 117477 (S.D. Fla. Nov. 3, 2010) (Court found privity existed between the plaintiff and the defendant where the plaintiff purchased the product from third party but the defendant had made numerous

14

representations about the product to the plaintiff); *Cedars of Lebanon Hosp. Corp. v. European X-Ray Distributors of America, Inc*., 444 So. 2d 1068, 1072 (Fla. 3d DCA 1984) (holding the privity requirement is satisfied where manufacturer made direct representations to the ultimate purchaser about equipment that was purchased from a third-party distributor); *see also New Nautical Coatings, Inc. v. Scoggin*, 731 So. 2d 145, 147 (Fla. 4th DCA 1999) (affirming a breach of warranty claim against a manufacturer when a third-party shop provided the services to the plaintiff).

Additionally, Defendant's "All Natural" claim is a warranty, not a mere "product description" and Plaintiff's MMWA claim has been properly plead. *See Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, 2015 U.S. Dist. LEXIS 6054, Order on Mot. To Dismiss [Dkt. No. 55] at *14 (S.D. Fla. Jan. 20, 2015) (the Court rejected the same product description claim concerning an "All Natural claim" and more specifically stated, "[t]he Court finds that the allegations are sufficient to state a claim under the MMWA. An MMWA claim depends on a state law claim for breach of warranty. (internal citations omitted) Because Plaintiff's breach of express warranty may proceed, the MMWA claim, at this juncture may proceed as well."); *See also Dye v. Bodcious Food Co.,* Case No. 14-80627-CIV, 2014 U.S. Dist. LEXIS 180826, Order Denying Def. Mot. To Dismiss [Dkt. No. 14] at *11 (S.D. Fla. Sep. 9, 2014) (upholding a nearly identical MMWA claim against a so-called "All Natural" product, noting that "because Plaintiff's claim for breach of express warranty may proceed, the MMWA claim, at this juncture, may proceed as well.").

E. <u>Plaintiff Has Properly Plead Nationwide Class Allegations</u>

Although Defendant incorrectly frames its attempt to dispose of Plaintiff's National Class allegations as Motion to Dismiss, Defendant essentially asks the Court to Strike the National Class Allegations, to the extent they relate to Plaintiff's FDUTPA, Negligent Misrepresentation and Breach of Express Warranty claims. Because Defendant's relief would not dispose of these counts, just the national component of same, it should not be considered by the Court as a Motion to Dismiss, but should instead be evaluated as a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).

Defendant argues that all nationwide consumer class actions fail as a matter of law and, therefore, litigants in the separate states must prosecute misrepresentation claims solely on a state by state basis, notwithstanding the fact that the misrepresentations alleged are identical in <u>all</u> 50 or at a minimum, multiple jurisdictions. This is an untenable standard that should not be adopted.

FDUTPA, Negligent Misrepresentation, or Breach of Express Warranty can all be applied outside of Florida. Plaintiff has properly alleged a nationwide class and Defendant's argument against a class broader than Florida is premature until at a minimum, Plaintiff moves for class certification.

First, it should be noted that Plaintiff has pleaded for Florida statewide classes, and additionally and/or alternatively, nationwide classes. Compl. ¶ 79. Plaintiff has reserved the right to amend, narrow, expand, or otherwise modify the class definition upon the conclusion of discovery. *Id*. ¶ 80. The scope of the class(es), and whether this action may be maintained nationwide is an issue to be resolved at the class certification stage, not the pleading stage. If Plaintiff ultimately seeks certification of a nationwide class, depending on what discovery reveals, Defendant is free to reassert its arguments as to why the class definition should be narrowed to only a Florida class. However, it is yet to even be determined in what states the Products were sold, and whether the Statements at issue were uniformly presented on the Products nationwide.

Second, although not yet ripe for argument, Federal Court's frequently certify *contested* nationwide classes. *See Ebin v. Kangadis Food, Inc*, 297 F.R.D. 561, 565 (S.D.N.Y. Feb. 24, 2014) (stating, although "defendant contends that a hodgepodge of standards varying among these states would preclude a common answer to the question of whether the pomace oil in Capatriti tins was 100% Pure Olive Oil. . . .," "despite the variations in state standards, the injuries being litigated all derive from the alleged misrepresentation of what is pomace as 100% Pure Olive Oil, which would arguably violate all the varying state requirements."

Although an issue to be resolved at the class certification stage, other state's consumer protection laws are advanced by Florida providing consumers of those states protections under FDUTPA. The burden will be on Defendant to show compelling reason why other states consumer laws should apply, including a rigorous analysis showing that the foreign jurisdictions have a greater interest than Florida, and that a *true conflict* exists with the respect to the facts of this case. *See Enzo Forcellati, et al. v. Hyland's, Inc., et al.*, Case No.: CV 12-1983-GHK (MRWx), 2015 U.S. Dist. LEXIS 3867 at * 1-3 (C.D. Cal. April 9, 2014) (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-90 (9th Cir. 2012). Conclusory reliance on other cases does not discharge Defendant's burden. *Id*. If the Products' labeling and advertising is found to be unfair, false, deceptive, and/or misleading it violates all states' consumer protection laws, and is not merchantable regardless of the State of purchase.

Additionally, "there are no geographical or residential restrictions contained in the express

language" of FDUTPA. *Millennium Commc'n & Fulfillment, Inc. v. Office of Attorney Gen., Dept. of Legal Affairs, State of Fla.,* 761 So.2d 1256, 1262 (Fla. 3d DCA 2000) *Id*. at 1262. FDUTPA "seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired within the territorial boundaries of this state without limitation," and this Court is not "precluded from taking corrective measures under FDUTPA even where those persons affected by the conduct reside outside of the state." *Id*; *See also Barnext Offshore, Ltd. v. Ferretti Group, USA, Inc.*, No. 10-23869-CIV-ALTONAGA/Simonton, 2012 U.S. Dist. LEXIS 61710, *18-19 (S.D. Fla. May 2, 2012); *2P Commercial Agency S.R.O. v. Familant*, Case No. 2:11-cv-652-FtM-29SPC, 2012 U.S. Dist. LEXIS 179628, *10-11 (M.D. Fla. Dec. 19, 2012).

It is not "arbitrary and unfair" to provide class action relief under Florida law when Florida has "sufficient contacts" with the alleged conduct; "Florida has a great interest in protecting people dealing with corporations doing business within Florida." *Renaissance Cruises, Inc.* v. *Glassman, et. al.*, 738 So. 2d 436, 438 (Fla. 4th DCA 1999). Moreover, "the place of injury is less significant in the case of fraudulent misrepresentations." *Cohen v. Implant Innovations, Inc.* 259 F.R.D. 617, 635 (S.D. Fla. 2008). "Sufficient contacts" is a factual issue to be resolved a later stage of this proceeding.

Although each state may also have an interest in protecting its respective citizens from unfair methods of competition, the policies behind each state's deceptive and unfair trade practices laws are advanced by providing its citizens protections under FDUTPA. *See Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 616 (1987) ([The certifying State's] more favorable laws may properly apply to nonresidential plaintiffs when their home states have no identifiable interest in denying such persons full recovery."). The text of Rule 23, *Federal Rules of Civil Procedure*, does not limit class certification to only statewide classes. In order for a class to be certified under the *Federal Rules of Civil Procedure*, the plaintiff must meet all four prerequisites under Rule 23(a) and at least one of the requirements under Rule 23(b). *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004) *abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 533 U.S. 639 (2008).

Plaintiff properly pleaded each of these prerequisites. Specifically, Plaintiff alleged that the putative Class, based on the popularity of the Products and their annual sales, joinder would be "impractical, if not impossible." Compl. ¶ 83. Regarding whether common questions of law or fact were present in this case, Plaintiff set forth thirteen (13) examples, most of which are not based

in any particular state law. Compl. ¶ 84. Plaintiff also alleged that "[t]he claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each." Compl. ¶ 85. Finally, Plaintiff alleged that she would "fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass." Compl. ¶ 86. Thus, Rule 23(a), *Federal Rules of Civil Procedure*, has been satisfied.

In *Bohlke v. Shearer's Foods, LLC*, the food manufacturer made a nearly identical argument that Defendant makes here. *See Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, 2015 U.S. Dist. LEXIS 6054, Order on Mot. To Dismiss [Dkt. No. 55] at *3 - 4 (S.D. Fla. Jan. 20, 2015); *See* also *Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, Def. Mot. To Dismiss Amend. Compl. [Dkt. No. 25] at *4 - 11 (Sept. 18, 2014). In refusing to strike the consumer's national class allegations, the Court noted that there was nothing "redundant, immaterial, impertinent or scandalous" about Plaintiff's allegations but Defendant was free to re-raise its arguments "if and when Plaintiff moves to certify nationwide classes." *Bohlke v. Shearer's Foods, LLC,* Case No. 9:14-cv-80724-RLR, 2015 U.S. Dist. LEXIS 6054, Order on Mot. To Dismiss [Dkt. No. 55] at *3 - 4 (S.D. Fla. Jan. 20, 2015) *citing Gill-Samuel v. Nova Viomedical Corp.*, 298 F.R.D. 693, 698-700 (S.D. Fla. 2014). In *Gill-Sameul v. Nova Viomedical Corp.*, the defendant also sought to strike Plaintiff's national class allegations. 298 F.R.D. at 698. In denying, the Court noted that "striking Plaintiff's class-allegations from her Complaint would prevent the Court from reconsidering the certification issue at a later date" after the completion of discovery. *Id.* at 700. Similarly, the relief sought by Defendant is premature at this juncture and should not be considered unless and until Plaintiff moves for Class Certification and the Court can complete a full Rule 23 analysis.

F. <u>Any Dismissal of Any of Plaintiff's Claims Should Be Without Prejudice</u>

In the event the Court finds that any of Plaintiff's claims are insufficiently pled, dismissal should be without prejudice and with leave to amend. The standard for granting leave to amend is generous. Pursuant to Fed. R. Civ. P. 15(a), leave to amend should "'be freely given when justice so requires;' this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) (citing 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988).

18

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Based on the generous nature of granting leave to amend, it is appropriate in the current matter to allow amendment if any cause of action is dismissed. As discussed above, the standard is simply that the court must be able to "conceive of facts" that would make the claim a viable one. In the instant action, it is conceivable that if a dismissal is granted with respect to Plaintiff's claims, that amendment would be not only conceivable, but very probable.

G. <u>Defendant Has Not Properly Requested for a Hearing</u>

Defendant has improperly requested a thirty (30) minute hearing its Motion to Dismiss. Defendant's Motion at *18. Defendant has failed to comply with Local Rule 7.1(b) which requires a hearing request to be "in writing by <u>separate request</u>." (emphasis added). Even if it was properly requested, a hearing is unnecessary on a routine "play book" motion to dismiss. Even Defendant acknowledges the prevalence of these "All Natural" cases across the country. This Court is intimately familiar with such causes of action and the pleading requirements of same. A hearing would serve only to further delay the prosecution of this action.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Honorable Court enter an Order denying Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, and for all other relief this Honorable Court deems just, appropriate, or proper.

**Respectfully Submitted By,**

Dated: February 12, 2015

<u>/s/   Michael J. Pascucci</u>
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
**EGGNATZ, LOPATIN & PASCUCCI, LLP**
5400 S. University Drive, Ste. 413
Davie, FL 33328
Tel:    (954) 889-3359
Fax:    (954) 889-5913

19

              Mpascucci@ELPLawyers.com
              JEggnatz@EggnatzLaw.com

*Attorneys for Plaintiff
and the Proposed Class*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this **12th day of February, 2015**, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify under penalty of perjury under the laws of the United States of America that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

              /s/   Michael J. Pascucci
              Michael J. Pascucci, Esq.

**SERVICE LIST**

Robert J. Cousins, Esq.
Fla. Bar. No. 307017
Ian B. Miller, Esq.
Fla. Bar. No. 0041644
Quintairos, Prieto, Wood, Boyer, P.A.
One East Broward Blvd, Ste 1200
Fort Lauderdale, FL 33301
Tel: 954-523-7008
Fax: 954-523-7009
rcousins@qpwblaw.com
rcousins.pleadings@qpwblaw.com
Ian.miller@qpwblaw.com

Kiran H. Mehta, Esq.
Troutman Sanders, LLP
301 S. College Street, Ste. 3400
Charlotte, NC 28202
Tel: 704-998-7072
Kiran.mehta@troutmansanders.com
Sherrill.haupt@troutmansanders.com

*Attorneys for Defendant*