UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62547-CIV-COHN/SELTZER

JOSHUA SEIDMAN, et al.,

    Plaintiffs,

vs.

SNACK FACTORY, LLC, etc.,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Class Action Complaint [DE 21] ("Motion").  The Court has reviewed the Motion, Plaintiff's Response [DE 26], Defendant's Reply [DE 32], other relevant portions of the case file, and is otherwise advised in the premises.  Upon consideration, the Motion will be **GRANTED in part and DENIED in part**.  Plaintiff's allegations do not establish his standing to pursue injunctive relief.  But the Court will otherwise deny the Motion.

**I.**    **Background**

Plaintiff sues Defendant for trying to pass its products off as "all natural" even though they are not.  Defendant manufactures Pretzel Crisps.  The Crisps' packaging claims they are "all natural."  But Plaintiff alleges "they contain unnatural, synthetic and/or artificial ingredients, including but not limited to maltodextrin, soybean oil and in at least one variety, dextrose and caramel color."  [DE 1 at 2.]  Plaintiff details two varieties of the offending crisps in his complaint: the sea salt and cracked pepper flavor, and garlic parmesan.  [Id. at 1–2.]  But his Complaint expressly states that it is not

limited to these varieties.  Plaintiff alleges that all Defendant's Pretzel Crisps contain maltodextrin and soybean oil.  [Id. at 3.]

Per the Complaint, Plaintiff purchased Defendant's Pretzel Crisps "approximately 4–5 times throughout the Class Period from one or more Publix Supermarkets located in Weston, Broward County, Florida, on various dates from approximately September 2013 to September 2014, most recently on or about September 9, 2014." [Id. at 17.] His purchases "includ[ed] the Sea Salt and Cracked Pepper and Garlic Parmesan flavors." [Id.]  But the Court construes his allegation that he purchased "the Products" to include all Defendant's Pretzel Crisp varieties.  Plaintiff defines the term "the Products" as Defendant's "Pretzel Crisps, sold in a variety of flavors," including but not limited to the two flavors discussed in detail.  [Id. at 1–2.]  Plaintiff alleges that he paid a price premium for the Products because of their "all natural" ingredients.  Had he known the Crisps were not truly natural, he would "not have purchased the Products."  [Id. at 18.]

Plaintiff sues on his own behalf and on behalf of those similarly situated.  His Complaint proposes two classes, one of Florida consumers and one of consumers nationwide.  [Id. at 19–20.]  He brings the following five claims: (1) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, et seq. [DE 1 at 24–26]; (2) Negligent Misrepresentation [id. at 26–27]; (3) Breach of Express Warranty [id. at 27–28]; (4) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, et seq. [DE 1 at 28–29]; and (5) Unjust Enrichment [id. at 29–30].  As part of his FDUTPA claim, Plaintiff asks the Court for an "order enjoining the above described wrongful acts and practices." [DE 1 at 26.]

Defendant moves to dismiss for several reasons. First, Defendant argues that all of Plaintiff's claims must fail because he does not plausibly allege any harm experienced due to Defendant's alleged misrepresentations. [DE 21 at 10–15.] Next, Defendant contends that Plaintiff's demands for injunctive and declaratory relief are not proper. [Id. at 15–17.] Third, Defendant moves to dismiss Plaintiff's MMWA claim because the "all natural" labels at issue do not constitute an express warranty as the act requires. [Id. at 18–19.] And finally, Defendant takes issue with Plaintiff's class allegations. [Id. at 20–24.] The Court will separately address each of these arguments.

## II.     Standard

Defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of standing under Rule 12(b)(1). Per Rule 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Any "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

3

Under Rule 12(b)(1), a challenge can be either "facial" or "factual." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Here, Defendant brings a facial attack.  The Court therefore considers solely the allegations in the complaint and any exhibits attached to the complaint, <u>see</u> <u>Stalley v. Orlando Reg'l Healthcare Sys., Inc.</u>, 524 F.3d 1299, 1232 (11th Cir. 2008).  It takes the allegations in the complaint as true when deciding the motion.  <u>Lawrence</u>, 919 F.2d at 1529.

### III. Discussion

#### A. Plaintiff's Class Allegations and Standing

Defendant devotes a substantial portion of its Motion to Plaintiff's class allegations.  [<u>See</u> DE 21 at 20–25.]  Specifically, Defendant argues that the Court should not certify a nationwide class because Florida law will not govern cases in which consumers purchased their Pretzel Crips in other states.  [<u>Id.</u>]  Defendant argues these claims should accordingly be dismissed.  Although this argument may have merit, it is more appropriate for consideration at the class certification stage.  Accordingly, the Court will deny this portion of Defendant's Motion without prejudice and without further discussion.

The Court will, however, address Defendant's argument that Plaintiff may sue only upon purchases of Defendant's sea salt and cracked pepper and garlic parmesan varieties.  Defendant contends that Plaintiff alleges he purchased only these two varieties.  This question is appropriate for a motion to dismiss.  <u>See</u> <u>Bohlke v. Shearer's Foods, LLC</u>, No. 14-80727-ROSENBERG/BRANNON, 2015 WL 24941855, at *4 (S.D. Fla. Jan. 20, 2015).  Defendant raises this argument in a footnote, stating "[t]o the extent that Plaintiff or the putative class members based their claims on purchasing

4

other Snack Factory Pretzel Crisp products, these claims should be dismissed for lack of standing.  [DE 21 at 7 n.1.]

Defendant is right on the law but misreads Plaintiff's allegations.  "[I]n the Eleventh Circuit, a named plaintiff in a consumer class action cannot raise claims relating to products which she herself did not purchase." Bohlke, 2015 WL 24941855, at *4.  But, as observed above, Plaintiff does allege that he purchased all varieties of Defendant's crisps.  Accordingly, Defendant's Motion will be denied as to this issue.

### B.   Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim.

#### 1.   Damages Allegations

Defendant devotes the bulk of its brief to arguing that Plaintiff has insufficiently pleaded damages, and that this does in all five of Plaintiff's claims.  [See DE 21 at 10–15.]  Plaintiff's complaint alleges two theories of damages.  First, Plaintiff alleges that he paid a premium price for an all-natural product that he did not receive.  [DE 1 at 16].  Second, Plaintiff alleges that because Defendant mislabeled the Products, they are worthless and he is entitled to a full refund of the Products' purchase price.  [Id. at 30–31.]  Defendant contents that Plaintiff's allegations concerning each of these theories are conclusory and fail to state a claim in light of Twombly and Iqbal's plausibility standard.

This Court has previously addressed Defendant's arguments in similar cases.  In January, District Judge Robin L. Rosenberg considered a motion to dismiss nearly identical claims (concerning a different defendant's product), also brought by Plaintiff's attorneys:

> First, the Court quickly disposes of Defendant's argument as
> to Plaintiff's price premium theory.  The Court finds Plaintiff

5

> has alleged a plausible theory of damages, in that she alleged that she paid a premium for the Products due to the "All Natural" and "No Artificial Ingredients" labeling. That is all that is required to be pled under the Federal Rules of Civil Procedure. At this stage in the litigation, Plaintiff is only required to state a claim that is plausible on its face, and this she has done. Cf. Stires v. Carnival Corp., No. 6:02-cv-542-ORL31JGG, 2003 WL 21356781, at *2 (M.D. Fla. Jan. 2, 2003) ("Although Stires did not specify the value of the cruise promised and the value of the cruise received, which is the proper measure of FDUPTA damages, she has complied with Federal Rules of Civil Procedure 8(a) and 9. Read in the light most favorable to Stires, it cannot be said that she has failed to plead her claim with particularity. Hence, dismissal is not warranted.").

Bohlke, 2015 WL 249418, at *8. Judge Rosenberg also permitted the Bohlke plaintiff's complaint to proceed on the theory that she was entitled to recover the full purchase price of the defendant's product. Id. The undersigned reached the same conclusion in Smith v. Wm. Wrigley Jr. Co., 663 F. Supp. 2d 1336 (S.D. Fla. 2009), and more recently in Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV-COHN/SELTZER, 2013 WL 9638985 (S.D. Fla. Dec. 9, 2013). Simply put, drawing on its "judicial experience and common sense" the Court concludes that it is plausible that falsely touting a product as "all natural" would wrongfully raise demand for that product and, consequently, its price. Iqbal, 556 U.S. at 679. Precisely what damages—if any—that Plaintiff may be entitled to is a matter for another day.

The Court is not persuaded by Defendant's citation to Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327 (11th Cir. 2010) and argument that Smith v. Wm. Wrigley Jr. Co. actually supports its position. [See DE 32 at 6–7.] In Jacobs, the Eleventh Circuit affirmed a district court's decision to dismiss a complaint for failure to state a claim for violation of the Sherman Act, 15 U.S.C. § 1. Jacobs, 626 F.3d at 1345. The Eleventh Circuit reasoned that the plaintiff had not sufficiently pleaded that visco-elastic foam

6

mattresses comprised a separate submarket from that of mattresses generally, where plaintiff alleged only that the mattresses have "unique attributes" and "are more expensive than traditional innerspring mattresses," without also alleging "factual allegations of the cross-elasticity of demand or other indications of price sensitivity that would indicate whether consumers treat visco-elastic foam mattresses differently than they do mattresses in general." Id. at 1338.  Here, by contrast, Plaintiff specifically alleges that he paid more for the Pretzel Crisps because Defendant represented them to be "all natural." [DE 1 at 15–16.]  The issue here is simpler than that in Jacobs, and Plaintiff's allegations strike closer to its heart.  As observed above, this Court has routinely held such allegations sufficient to survive a motion to dismiss.

The Court likewise rejects Defendant's argument based on Smith v. Wm. Wrigley Jr., Co.  Defendant argues that in Wrigley, the plaintiff offered significant support of his price-premium allegations:  "[P]laintiff directly compared the price of Eclipse® to other chewing gums, including specifically other non-Eclipse® chewing gums manufactured by Wrigley."  [DE 32 at 7–8.]  Defendant's support for this statement apparently lies with the undersigned's observation in Wrigley that the plaintiff there pleaded "that 'as a result of [Wrigley's] deceptive advertising campaign,' Wrigley (1) 'has elevated Eclipse® gum into one of the top sellers in the product category;' and (2) 'has been able to charge a premium price for Eclipse® gum over other chewing gum products, including other Wrigley chewing gum products.'" 663 F. Supp. 2d at 1338.

The plaintiff's allegations in Wrigley are not significantly more robust than Plaintiff's allegations here.  Indeed, the two are almost identical, except that the Wrigley plaintiff alleged that the defendant was able to charge more for Eclipse than it did for

7

other Wrigley chewing gum brands.  Further, the undersigned's reasoning in Wrigley did not rely on this observation.  Instead the Court observed that Plaintiff alleged that he saw Wrigley's false advertising, that he purchased the offending product in reliance on this advertising and that "as a result of the misleading messages . . . Wrigley has been able to charge a price premium for Eclipse® gum."  Id. at 1349.  The undersigned concluded then, as it does now, that such allegations are sufficient.

### 2. Plaintiff's claims for injunctive and declaratory relief

The Court agrees with Defendant's argument that Plaintiff lacks standing to pursue the requested injunctive relief because he has not alleged intent to purchase Defendant's Pretzel Crisps in the future.  The Court does so for the reasons recently articulated by Magistrate Judge John J. O'Sullivan in Marty v. Anheuser-Bush Companies, LLC, 43 F. Supp. 3d 1333 (2014), which Defendant cites in its Motion.  Simply put, Plaintiff has not alleged that he will ever purchase Defendant's Pretzel Crisps again, and thus cannot show any likelihood of future injury sufficient to afford him standing to enjoin Defendant from continuing its purported mislabeling.  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.").  The Complaint will be dismissed in part to the extent it seeks such relief.  As in Marty, however, the Court will permit Plaintiff to amend the Complaint.

Plaintiff's claim for declaratory relief will survive, however.  Plaintiff correctly observes that though he must show actual damages to obtain a money judgment

against Defendant, the FDUTPA permits him to obtain declaratory relief in the absence of such a showing.  [See DE 26 at 12 (citing Wrigley, 663 F. Supp. 2d at 1338).]  Moreover, the FDUTPA specifically authorizes a plaintiff to obtain declaratory relief that a past practice violates the act "[w]ithout regard to any other remedy or relief to which a person is entitled."  Fla. Stat. § 501.211.  Accordingly, Plaintiff's claim for declaratory relief is not merely "redundant of his substantive FDUTPA claim" as Defendant contends.  [See DE 21at 17.]  Defendant's Motion is accordingly denied as to this issue.

### 3. Plaintiff's MMWA claim

Finally, the Court addresses Defendant's Motion to Dismiss Plaintiff's claims under the Magnuson-Moss Warranty Act.  The Complaint alleges a violation of the MMWA based upon Defendant's purported breach of an express warranty.[1]  [See DE 1 at 28–29.]

Defendant argues that Plaintiff's MMWA claim fails because it is not based on an express warranty at all.  Defendant contends that "the Products' 'All Natural' label is merely a product description" and not the written warranty that the MMWA requires.  [DE 21 at 18.]  In support, Defendant relies primarily on Hairston v. South Beach Bev. Co., No. CV 12-1429-JWF, 2012 WL 1893818 (C.D. Cal. May 18, 202), in which the Central District of California held that a soft drink's "all natural" label constituted a non-actionable product description, rather than an express warranty.

---

[1] The Complaint does state that its MMWA claim is also based on "Defendant's breach of the above implied warranty of fitness for a particular purpose." [DE 1 at 28 (emphasis added).]  But the Complaint contains no description of such an implied warranty.  Additionally, Plaintiff's Response addresses its MMWA claims only to the extent they are based on breach of an express warranty.  [See DE 26 at 13–15.]  This reference to an implied warranty in Plaintiff's Complaint therefore appears to be a scrivener's error and the Court will not further address it.

9

However, "[a]n MMWA claim depends on a state law claim for breach of warranty." Bohlke, 2015 WL 249418, at *12.  Under Florida law, "[a]ny description of [a good] which is made as part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Fla. Stat. § 672.313(1)(b); see also, Smith v. Wm. Wrigley, Jr., 663 F. Supp. 2d 1336, 1343 (S.D. Fla. 2009) (finding an express warranty created by chewing gum packaging).  Thus, under Florida law, Defendant's alleged packaging does create an express warranty.  "Because Plaintiff's claim for breach of express warranty may proceed, the MMWA claim, at this juncture, may proceed as well."  Bohlke, 2015 WL 249418, at *12.

**IV.     Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [DE 21] is **GRANTED in part and DENIED in part** as follows:

   a.     Plaintiff's claims for injunctive relief are **DISMISSED without prejudice**.

   b.     Defendant's arguments concerning class certification are at this time **DENIED without prejudice** and may be reasserted at the class certification stage.

   c.     Defendant's Motion is **DENIED** in all other respects.

2.     Plaintiff may file an Amended Complaint on or before **April 2, 2015**, that addresses the issues identified in this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of March, 2015.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.